**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LUCINDA RICHARD AND ANGELINA MURPHY** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 11-224-RET-DLD** |
| **LIFE SOURCE SERVICES, LLC, ET AL.** | |

**MAGISTRATE JUDGE'S REPORT**

This wrongful death and survival action is before the court on plaintiffs' motion to remand (rec. doc. 4), which is opposed and has been referred to the undersigned for a report and recommendation. The issue before the court is whether this court has subject matter jurisdiction over this matter based on federal question. See 28 U.S.C. §1331.

**Factual Background**

Plaintiffs Lucinda Richard and Angelina Murphy are the surviving sisters of decedent, Lenora Metevia.[1] Prior to her death, the decedent was a resident of Sterling Place, L.L.C. d/b/a Sterling Place Nursing Home (Sterling Place)(rec. doc. 1-5). While residing at Sterling Place, Metevia was cared for by employees of Plantation Management Company, L.L.C. (Plantation Management) and Life Source Services, L.L.C. (Life Source).[2] Id. Decedent was allegedly under a medical necessity certification indicating that she was "bed bound only" and that she required "maximum assistance" for self-care. Id. Additionally, decedent allegedly suffered from numerous physical conditions that made her

---

[1] Lenora Metevia was not survived by a husband, children, or parents (rec. doc. 1-5).

[2] Plantation Management provides staff, supplies, and management services to the Sterling Place. Life Source Services, L.L.C., provides hospice care to eligible Sterling Place residents (rec. doc. 1-5)

totally dependent on the staff at the nursing home facility for transporting in and out of her bed, for dressing, for hydration, for feeding, and for all other activities of daily living. Id.

Plaintiffs allege that on August 22, 2008, decedent's state of consciousness became "confused." Id. On November 17, 2008, decedent's chart indicates that a Life Source Services staff member provided the following care: "bed bath, peri care, assistance with dressing, cleaning of nails, mouth care, lotion to skin, hair combing, linen change, position change, and a transfer to 'up in chair'" (rec. doc. 1-5, ¶18). On or about November 17, 2008, decedent was discovered with a swollen right knee that was painful to the touch Id. An x-ray revealed that decedent's right knee was "severely comminuted" and that she had an "impacted fracture involving the junction of the distal femoral metaphysic and femoral condyles" and a "lateral displacement of the condylar fracture fragments medially and laterally" (rec. doc. 1-5, ¶20). Decedent was transported to the hospital on November 18, 2008, and passed away on December 3, 2008. Id.

After first bringing this matter through Medical Malpractice Panel Proceedings, on March 10, 2011, plaintiffs filed a "Petition for Damages, Survival Claim, and Wrongful Death" against defendants Sterling Place, Life Source, and Plantation Management in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, alleging that decedent would not have suffered a fractured knee and consequential suffering, but for the negligence of and/or the intentional mishandling by the employees/staff of defendants. Plaintiffs allege that defendants failed to discharge their duties of care to decedent, which resulted in decedent's injuries and death. Id. Plaintiffs set forth specific ways in which defendants breached the standards of care owed to decedent, including failing to provide a care plan, failing to adequately hire, train, and supervise staff, failing to follow certain

guidelines and doctor's orders, all of which are alleged to be "in violation of the applicable federal and state statutes and regulations" and all of which allegedly contributed to the pain and suffering experienced by decedent. Id. Plaintiffs seek to recover their damages for the wrongful death of decedent and for the damages suffered by decedent prior to her death, as a result of defendants' negligence.

Additionally, plaintiffs allege that the Louisiana Medical Malpractice Act is "unconstitutional in that it deprives [decedent] of her property rights without due process and in violation of equal protection of the laws." Id., at ¶35. Plaintiffs seek to have the Louisiana Medical Malpractice Act declared unconstitutional. Id.

On April 6, 2011, defendant Life Source removed this matter based on federal question jurisdiction (rec. doc. 1). On April 8, 2011, defendant Life Source filed a motion for a more definite statement in which defendant seeks clarification of the allegations in plaintiffs' petition that "defendants violated unspecified federal laws," which is still pending before the court (rec. doc. 3). Plaintiffs filed a motion to remand, which has been referred to undersigned, and is now before the court for a report and recommendation.

**Arguments of the Parties**

Plaintiffs argue that this court does not have subject matter jurisdiction over this matter; therefore, it should be remanded (rec. doc. 4). First, plaintiffs argue that defendant's removal was untimely because defendant did not file the notice of removal within 30 days of March 3, 2011, the day defendant received actual notice via facsimile of plaintiffs' suit. Second, plaintiffs argue that the petition does not allege a federal question. Plaintiffs contend that the petition contains allegations of medical malpractice negligence against healthcare providers who are qualified under the Louisiana Medical Malpractice

Act, and any reference to a violation of "state or federal laws or regulations" was intended to establish the standard of care, not a federal cause of action. Finally, plaintiffs argue that there is no objectively reasonable basis for defendant's notice of removal, and they seek reimbursement of their attorney's fees and costs incurred in bringing the motion to remand.

Defendant responds by arguing that the removal was timely because it was filed within 30 days of receipt of the petition after it was actually filed (rec. doc. 5). Defendant argues that plaintiffs' petition contains numerous references to federal laws and regulations which establish federal question jurisdiction. Further, defendant contends that plaintiffs' state law claim raises substantial issues of federal law because plaintiffs' allegations mirror the requirements outlined in 42 U.S.C. §1396r, entitled "Requirements for Nursing Facilities," which provides for a private right of action. Id. Defendant opposes plaintiffs' request for attorney's fees and costs.

**Discussion**

Federal courts are courts of limited jurisdiction; therefore, it is presumed that a suit removed to federal court lies outside this limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removing party bears the burden of showing both that federal jurisdiction exists and, if challenged, that the removal was procedurally proper. See, e.g., *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Gutierrez v. Flores*, 543 F.3d 248 (5th Cir. 2008); *Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365 (5th Cir. 1995). Plaintiffs raised two issues in their motion to remand: whether the notice of removal was timely filed and whether the court has subject matter jurisdiction based on federal question. The court will first address whether the removal was timely filed.

The timeliness of a notice of removal is governed by 28 U.S.C. §1446(b), which provides that the notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Failure to timely file a notice of removal is a defect that requires remand to state court. See *Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 127 (5th Cir.1982). Plaintiffs suggest that the 30-day time period should run from the date they faxed defendants a draft copy of the petition on March 3, 2011, prior to the time the petition was actually filed on March 20, 2011. The law is clear that the 30-day time period does not begin running upon the receipt of a courtesy copy of a state court petition that has not been filed with the state court. *Arnold v. Federal Land Bank of Jackson*, 747 F.Supp. 342 (M.D. La. 1990), citing *Skinner v. Old Southern Life Ins. Co.*, 572 F.Supp. 811 (W.D. La. 1983). Defendant Life Source was served with a copy of the petition on March 29, 2011, and it timely filed its notice of removal on April 6, 2011, which was well within 30 days of receipt of service. Thus, the removal was filed timely.

The court next turns to whether it has subject matter jurisdiction over this matter based on federal question jurisdiction. Pursuant to 28 U.S.C. §1441(b), a defendant may remove to federal court "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States," i.e., those actions presenting a federal question. See *In re Hot-Hed, Inc.*, 477 F.3d 320 (5th Cir. 2007). Federal question jurisdiction exists "only [in] those cases in

which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Borden v. Allstate Ins. Co.*, 589 F.3d 168 (5th Cir. 2009) and *Singh v. Duane Morris, LLP*, 538 F.3d 334 (5th Cir. 2008), citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

Under the "well-pleaded complaint" rule, the plaintiff is the master if his complaint and a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint. *Elam v. Kansas City Southern Ry. Co.*, 635 F.3d 796 (5th Cir. 2011). Thus, a plaintiff may have both state and federal claims based on a given set of facts, but if the plaintiff elects to proceed in state court based exclusively under state law, there will be no basis for removal on federal question jurisdiction. *Avitts v. Amoco Production Co.,* 53 F.3d 690, 693 (5th Cir. 1995). Further, a reference in a petition regarding a violation of unspecified federal laws does not establish a federal claim. Id.

Louisiana adopts a fact pleading system, where a plaintiff is allowed to recover under whatever legal theory is appropriate based on the facts pleaded. *Perkins v. Scaffolding Rental & Erection Service, Inc.*, 568 So.2d 549, 553 (La. 1990). Under Louisiana's fact pleading system, it appears that plaintiffs' petition primarily alleges negligence/medical malpractice claims against defendants. Although the petition does contain a couple of vague references to "federal laws and regulations," it does not identify a specific federal law nor state a claim against defendants based on a federal law. Plaintiffs' "oblique reference" to unspecified federal laws does not establish a federal claim. See *Avitts,* 53 F.3d at 693.

This conclusion is further supported by defendant's filing of a motion for a more definite statement (rec. doc. 3).  Defendant states in its motion for more definite statement that plaintiffs "pleading of the generic term 'federal laws' and/or 'federal regulations' and/or 'Medicare regulations' is so vague and ambiguous that defendant cannot reasonably prepare a response." Id.   If the references to federal laws and regulations in plaintiffs' petition are so vague that defendant cannot prepare a response, then plaintiffs' references to federal law and regulations cannot be specific enough to state a federal claim for relief.

Further, it is clear from a review of plaintiffs' petition that plaintiffs' reference to "federal laws" and "regulations" in the petition expand on the standards by which the nursing home should be operated (rec. doc. 1-5, ¶4) and the duties of care owed to the decedent by defendants (rec. doc. 1-5, ¶29) and establish the federal standards of care as part of plaintiffs' state law negligence claim, not as a separate federal claim based on a specific federal statute.

Defendant nevertheless argues that the state law claims asserted in plaintiffs' petition raise a substantial issue of federal law.  The Fifth Circuit has articulated four requirements that must be met when determining whether a federal issue embedded in a state law cause of action will confer federal question jurisdiction.  Federal question jurisdiction is appropriate when: (1) resolving the federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities. *Singh v. Duane Morris LLP*, 538 F.3d 334 (5th Cir. 2008).  The Supreme Court has "sh[ied] away from the expansive view that mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door." *Budget Prepay, Inc.*

*v. AT&T Corp.*, 605 F.3d 273 at 281 (5th Cir. 2010), citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 313, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). Rather, the Court has cautioned that the federal right at issue must be "a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Id., citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 814 n. 12, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *Franchise Tax Bd.*, 463 U.S. at 28, 103 S.Ct. 2841. The Supreme Court cautioned the lower courts to assess the potential for disruption of the state-federal balance struck by 28 U.S.C. §1331 in determining whether federal claims enmeshed in state law claims satisfy "arising under" jurisdiction. See *Grable & Sons*, 545 U.S. at 313–14, 125 S.Ct. 2363; *Merrell Dow*, 478 U.S. at 810, 106 S.Ct. 3229. Such cases "require sensitive judgments about congressional intent, judicial power, and the federal system." Merrell Dow, 478 U.S. at 810.

Although it is somewhat unclear, it appears as though defendant is suggesting that plaintiffs' petition raises substantial issues of federal law by making allegations in the petition that mirror 42 U.S.C. §1396r entitled "Requirements for Nursing Facilities" and basing their claims on the requirements of this statute (rec. doc. 5). Plaintiffs, however, do not even reference this statute or allege violations of this statute in their petition; thus, there is no indication at this time that there is any federal issue necessary for resolution of a state law claim, much less that the federal issue, if any, is disputed. This statue was raised first by defendant in its opposition to the motion to remand. Plaintiffs' state law claims for medical malpractice and negligence could proceed in state court on their own without consideration of whether there was a violation of the requirements of 42 U.S.C. §1396r. Defendant has cited nothing that would indicate that his client's fate will be determined by

federal law. Thus, at this time, there is no indication that plaintiffs' claims even require interpretation/consideration of this statute.

Since there is no clear federal issue, it can hardly be substantial, but defendant nevertheless contends that 42 U.S.C. §1396r provides for the enforcement of private rights; therefore, the question of federal law is substantial enough to bestow federal jurisdiction on this court. However, the case cited by defendant explains that the individual rights outlined in 42 U.S.C. §1396r can be enforced through 42 U.S.C. §1983, not in a direct action. See *Grammer v. John J. Kane Regional Centers-Glen Hazel*, 570 F.3d 520 (3rd Cir. 2009). The court in *Grammer v. John J. Kane Regional Centers-Glen Hazel*, 570 F.3d 520 (3rd Cir. 2009), specifically states as follows: "[r]esidents of nursing homes cannot directly sue to enforce compliance with federal standards. The statutes at issue in this case do not expressly authorize private causes of action to enforce their provisions and the parties do not dispute this." *Grammar,* 570 F.3d at 525, FN 2. Because there is no private remedy to enforce the requirements under the statute, there is not a substantial federal interest in seeing the statute applied in state tort cases.

Finally, exercise of federal jurisdiction over this state-law medical malpractice/negligence claim would disrupt the balance of between federal and state judicial responsibilities. Even if a federal statute has been violated, the state court certainly is capable of determining whether that violation impacts the standard of care required in a state negligence action. The mere allegation that a federal statute or regulation was violated is not sufficient to create federal question jurisdiction.

Defendant also mentions in passing that federal question jurisdiction also arises due to plaintiffs' request in the petition that the Louisiana Medical Malpractice Act (LMMA), La.

R.S. 40:1299.41, et seq., be held unconstitutional, but defendant fails to offer any legal argument in support of its position. Plaintiffs do not mention the United States Constitution in their petition for damages or seek that the LMMA be declared unconstitutional in violation of the United States Constitution. The LMMA is a Louisiana State law passed by the Louisiana Legislature; therefore, plaintiffs may seek to have the LMMA declared unconstitutional in violation of the Louisiana State Constitution

Because the petition does not state a federal claim and plaintiffs' right to relief does not depend to a resolution of a substantial issue of federal law, this court does not have subject matter jurisdiction over this case based on federal question jurisdiction, and this matter should be remanded.

Plaintiffs seek reimbursement of their attorney's fees and costs incurred in connection with the filing of the motion to remand (rec. doc. 4). Section 1447(c) provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The award is within the discretion of the district court and is to be guided by the standard that, "[a]bsent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonably basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 711. An analysis of whether plaintiffs' petition states a federal cause of action or depends on a resolution of a substantial question of federal law requires a weighing and balancing of several factors. Thus, defendants did not lack an objectively reasonable basis for removing this matter

considering all of the factors that had to be analyzed to reach the court's conclusion, and plaintiffs' request for attorney's fees and costs should be denied. Accordingly,

**IT IS RECOMMENDED** that plaintiffs' motion to remand (rec. doc. 4) should be **GRANTED IN PART AND DENIED IN PART** in that the motion to remand should be **GRANTED** and this matter be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, and the motion for attorney's fees and costs should be **DENIED**.

Signed in Baton Rouge, Louisiana, on July 5, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LUCINDA RICHARD AND ANGELINA MURPHY** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 11-224-RET-DLD** |
| **LIFE SOURCE SERVICES, LLC, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 5, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**